# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 09-20005-13-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| GUADALUPE RUIZ, ) | No. 12-2523-KHV |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 1, 2009, defendant entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 846. On February 23, 2010, the Court sentenced defendant to 121 months in prison. Defendant did not appeal. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1006) filed August 10, 2012. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The government contends that defendant's motion is procedurally barred because it is untimely. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[1] If defendant does not directly appeal her

---

[1] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

(continued...)

conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Clerk entered judgment on February 24, 2010. Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on March 10, 2010. Therefore defendant had until March 10, 2011 to file a motion to vacate under Section 2255.

Defendant filed her Section 2255 motion on August 10, 2012, some 17 months after the statutory deadline. Liberally construed, defendant's motion, as supplemented by her reply, alleges that counsel (J. Steven Schweiker) was ineffective because (1) he did not keep her informed of communications with government counsel, (2) he let defendant plead guilty even though she did not understand the court proceedings and (3) he did not file an appeal despite her request to do so.

Defendant asserts that her motion is timely under Section 2255(f)(3) because it is based on Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), which initially recognized her right to relief less than one year before she filed her motion. Frye and Lafler did not announce any new rules of constitutional law, but merely recognized the well-established precedent of Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Buenostro v. United States, 697 F.3d 1137 (9th Cir. 2012); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012); Hare v. United

---

[1](...continued)
movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012) (Frye and Lafler did not announce new rules of constitutional law because they merely applied Sixth Amendment right to counsel to specific factual context). Accordingly, Frye and Lafler did not toll defendant's deadline to file a Section 2255 motion.

Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent"). To establish actual innocence, a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have convicted her. Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 Fed. Appx. 788, 789 (10th Cir. 2008); see also Bousley v. United States, 523 U.S. 614, 623 (1998) (applying Schlup standard to Section 2255 motion). To be credible, a claim of actual innocence ordinarily must be supported with reliable new evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence. See Schlup, 513 U.S. at 324.

Here, defendant alleges that if she had received different advice, she may have opted to go to trial. See Movant/Defendant's Response To Government's Response To Title 28 U.S.C. § 2255 [Motion] (Doc. #1016) at 2. Defendant does not allege that she is actually innocent. The arguments in her reply brief repudiate her sworn statements in the plea petition and at the change of plea colloquy. But absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which her plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218 (Table), 1997 WL 580493, at *1 (10th Cir. 1997); United States v. Bambulas,

571 F.2d 525, 526 (10th Cir. 1978); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's declaration at Rule 11 hearing carries strong presumption of verity); United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (judges need not let litigants contradict themselves so readily; motion that can succeed only if defendant committed perjury at plea proceedings may be rejected out of hand unless defendant has compelling explanation for contradiction).

Because defendant has not alleged a sufficient basis to toll the deadline to file a Section 2255 motion, the Court overrules her motion as untimely.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1006) filed August 10, 2012 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 18th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).